[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 15, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14175
Non-Argument Calendar
_____

D. C. Docket No. 05-00257-CR-3-SLB-PWG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHANNON ROSHUN THOMPSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(June 15, 2007)**

Before ANDERSON, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

Appellant Shannon Roshun Thompson appeals his conviction for possession

with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1). On appeal, Thompson argues that the district court erred in denying his motion to suppress evidence seized from a warrantless search of his person just prior to his arrest, which was purportedly based on eyewitness information from a confidential informant and the arresting officers' own knowledge. He argues that the search was a *per se* Fourth Amendment violation because it did not fall under one of the recognized exceptions to the Fourth Amendment's warrant requirement.

"A district court's ruling on a motion to suppress presents a mixed question of law and fact." *United States v. Zapata*, 180 F.3d 1237, 1240 (11th Cir. 1999). We accept the district court's factual findings as true unless the findings are shown to be clearly erroneous. *Id.* "[A]ll facts are construed in the light most favorable to the prevailing party below." *United States v. Bervaldi*, 226 F.3d 1256, 1262 (11th Cir. 2000). The district court's application of the law to the facts is reviewed de novo. *Id.* We also review *de novo* a district court's determinations of probable cause. *United States v. Butler*, 102 F.3d 1191, 1199 (11th Cir. 1997).

"'[T]he Fourth Amendment permits warrantless arrests in public places where an officer has probable cause to believe that a felony has occurred.'" *United States v. Goddard*, 312 F.3d 1360, 1362-63 (11th Cir. 2002) (quoting *Florida v. White*, 526 U.S. 559, 565, 119 S. Ct. 1555, 1559, 143 L. Ed. 2d 748 (1999)). Law

2

enforcement officers have probable cause to arrest when the facts and circumstances within their collective knowledge, "or of which they have reasonably trustworthy information, would cause a prudent person to believe that the suspect has committed or is committing an offense." *Craig v. Singletary*, 127 F.3d 1030, 1042 (11th Cir. 1997) (habeas case). We have held that the collective knowledge of law enforcement officers may be examined if they "maintained at least a minimal level of communication during their investigation." *United States v. Willis*, 759 F.2d 1486, 1494 (11th Cir. 1985). We decide probable cause issues on an objective basis, without regard to the subjective beliefs of law enforcement officers. *Craig*, 127 F.3d at 1042.

The "search incident to a lawful arrest is a traditional exception to the warrant requirement of the Fourth Amendment." *United States v. Robinson*, 414 U.S. 218, 224, 94 S. Ct. 467, 471, 38 L. Ed. 2d 427 (1973). The Supreme Court has indicated that "[i]t is axiomatic that an incident search may not precede an arrest and serve as part of its justification." *Sibron v. New York*, 392 U.S. 40, 63, 88 S. Ct. 1889, 1902, 10 L. Ed. 2d 917 (1968). Nonetheless, where the search of the person is followed quickly by a formal arrest supported by probable cause, the Supreme Court has stated that it does not "believe it particularly important that the search preceded the arrest rather than vice versa." *Rawlings v.*

3

*Kentucky*, 448 U.S. 98, 111, 100 S. Ct. 2556, 2564, 65 L. Ed. 2d 633 (1980).

Because the warrantless search of Thompson's person was just prior to his arrest, which was in public and supported by probable cause, we conclude that the denial of Thompson's motion to suppress was proper. Accordingly, we affirm Thompson's conviction.

**AFFIRMED.**